S. D. BECKLEY v. T. A. HICKERSON, Appellant.

Division One, July 30, 1926.

**INSTRUCTION. Rescinding Contract of Sale: Recovery of Money Paid: Directed Amount.** The court may direct the jury to find a fact upon which the parties themselves agree. Where the vendor of an automobile failed to furnish the purchaser a certificate of title, and the purchaser returned the car and sues to recover the purchase money paid, and the court instructs the jury that if the vendor did not furnish the vendee a certificate of title within a reasonable time they should return a verdict for the vendee, a further instruction telling the jury that if they find for the vendee their verdict must be in the sum of $250, is not error, where there is no conflict in the

evidence as to the amount paid, but both parties in their testimonies agree that the amount paid, less all credits, was $250.

●

Corpus Juris-Cyc. References:  **Trial,** 38 Cyc., p. 1670, n. 3, 5.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*Jas. T. Montgomery* for appellant.

(1) In an action for money judgment the interest to be awarded is for the jury. Sec. 1423, R. S. 1919; Bradley-Metcalf Co. v. Tootle-Campbell D. G. Co., 180 S. W. 339. (2) In a suit for the recovery of money, the jury should assess the amount found to be due. This cannot be done by the court. Burghart v. Brown, 60 Mo. 24; Kates v. Nichols, 42 Mo. 169; Lederer v. Morrow, 132 Mo. App. 438. (3) The jury and not the court must fix the amount to be recovered. Poulson v. Collier, 18 Mo. App. 583; Kroge v. Brotherhood, 126 Mo. App. 693; St. Paul Machinery Mfg. Co. v. Henry Gaus & Sons Mfg. Co., 200 S. W. 89; Milan State Bank v. McCallister, 246 S. W. 609.

*W. W. Blain* for respondent.

(1) There is no dispute as to the amount of the purchase price paid, viz., $287.35, which is also shown by documentary evidence, and as there is no damage pleaded or proven and no set-offs claimed, it does not conflict with Sec. 1423, R. S. 1919, to instruct the jury that if they find the issues for the plaintiff, they must find for plaintiff in the designated sum of $250, which is the amount sued for. Especially is this a correct instruction in view of the fact that plaintiff voluntarily reduced the amount of his recovery to $250, in order to sue in the justice court, where the suit originated. Farmers Bank v. Stamper, 250 S. W. 961; Elliott v. Ins. Co., 163 Mo. 145; Forge Co. v. Engine Co., 135 Mo. App. 88; Carroll v. Mo. Pac. Ry. Co., 88 Mo. 243; Real Estate Co. v. Inv. Co., 150 Mo. App. 626; Cole v. Armour, 154 Mo. 353; 13 C. J. 796; Budd v. Hoffheimer, 52 Mo. 304. (2) The contract for the sale of the automobile was fraudulent and void under the laws of Missouri. Laws 1921, Ex. Sess. p. 90.

RAGLAND, P. J.—This action was commenced before a justice of the peace. The statement filed in the justice court, with reference to the issues which were submitted to the jury on a trial *de novo* in the circuit court, was as follows:

315 Mo.—26.

"Plaintiff states that on the 19th day of June, 1922, he purchased from defendant, one Dodge touring car, which defendant represented to belong to him and to which he claimed title and defendant promised to convey good title to plaintiff; that plaintiff paid defendant the sum of $268.25, and put repairs on said car that cost plaintiff $19.50, making a total cost to plaintiff of $287.85; that defendant failed and refused to furnish plaintiff with a title to said car, although often requested by plaintiff to furnish same; that plaintiff retained and kept said car up to the 13th day of September, 1922, waiting on defendant to furnish title so plaintiff might obtain license to run and operate same; that said car would have been utterly worthless to plaintiff without title; that it was only by reason of defendant furnishing to plaintiff a demonstrator's license that he was able to use the said car at all and that plaintiff was afraid to use said car on many occasions when he would have used same if he had had title to same; . . . that plaintiff has been damaged by reason of said sale in the sum of $287.85. Plaintiff enters a voluntary credit on said claim of $37.85.

"Wherefore, plaintiff prays judgment against defendant in the sum of $250, and for the costs of this suit."

No pleading of any kind was filed on the part of defendant.

The evidence on the part of both plaintiff and defendant disclosed that on or about the 19th day of June, 1922, the defendant sold to plaintiff a used automobile at the agreed price of $625; and that at the time of the delivery of the vehicle plaintiff paid defendant $200 in cash on account of the purchase price, and executed two notes for the remainder: one for $27.06, due June 28, 1922; and one for $454.19, payable in eleven monthly installments of $41.29 each.

Plaintiff testified that he paid the $27.06 note and the first installment on the larger note, which fell due July 20, 1922, but that he refused to make any further payments. He further testified:

"The car was delivered to me in a short time after I purchased it. I left the money with Mr. Hickerson to purchase me a state license, and he suggested that I not purchase it until the first of August, as it would save me money. I left the amount with him to purchase the license.

"The first installment of forty-one dollars and twenty-nine cents on the note came due on the 20th day of July, and I paid it . . .

"I called on Mr. Hickerson twelve or fifteen times for the license after the first of August, but never could get it. The first time I called for the license was the 30th of July. I was using a dealer's license on my car at the suggestion of Mr. Hickerson. Mr. Hickerson told me that he bought the car from a Mr. Johnson. He told me 'To leave the license money there, and he would send the title he got from Mr. Johnson to Jefferson City, and have it transferred to me, and get the license.' I did not see the title he got from Mr.

Johnson. Every time I would go back Mr. Hickerson would say, 'The license ought to be here in a couple of days. I have the title around here, but it is misplaced.' And he still insisted on my using the demonstrator's license, and I drove the car under the demonstrator's license.

"I did not pay the August installment on the note secured by the chattel mortgage. . . . I took the car back to Mr. Hickerson's garage (sometime in September) and left it in the back part of the garage. I went up the alley, and I asked them to give me twenty-five dollars back out of the money I had paid on the car, and he said, 'He wouldn't do it.'"

Plaintiff then brought this suit.

The defendant testified:

"The car I sold to Mr. Beckley, I bought from Mr. Johnson, of Lincoln, Benton County, Missouri. At the time I bought it, I got a certificate of title from Mr. Johnson. . . .

"I showed the title to Mr. Beckley at the time I sold him the car, and told him from whom I bought it. Mr. Beckley came in and left $6.50 with Mr. Gold, one of my men, to pay for the license. I had suggested to Beckley not to buy license until about the first of August, as it would save him some money; to take the car and drive it on my dealer's license, which he had a right to do.

"Along about the 4th or 5th of August, I discovered I had lost or misplaced the title to the car, that I had gotten from Mr. Johnson. I hoped it would turn up, for about ten days. I tried to locate Mr. Johnson. Before I could get him located and a duplicate title, I was sued by Mr. Beckley. . . .

"I still have the car, and have the title to the car, and if Mr. Beckley will pay his notes, I will gladly turn him over the car with good title, and not charge him anything for storage and repairs that I have had to put on it. He can have the car at any time he wants to pay for it.

"I got the title to the car in November, just as soon as I could get hold of Mr. Johnson. This certificate of title is a duplicate of the one I got from Mr. Johnson at the time I purchased the car from him. I misplaced that one, and had to get a duplicate from Mr. Johnson. . . .

"The only amount of money that Beckley paid me was two hundred dollars, and his note for twenty-seven dollars, and the first payment of forty-one dollars and twenty-nine cents."

Defendant further testified that the only reason that plaintiff ever gave him, prior to the bringing of the suit, for returning the automobile was that he (plaintiff) was financially unable to complete the payments.

The cause was submitted to the jury under the following instructions:

(At the instance of plaintiff):

"1. The court instructs the jury that if you find and believe from the evidence, that defendant sold plaintiff a car, then it was defendant's duty to furnish plaintiff with a certificate of title to said car within a reasonable time, and if you further find from the evidence that defendant did not furnish the plaintiff with such certificate of title to said car within a reasonable time, all the facts and circumstances in evidence being considered, then the plaintiff had a legal right to rescind said contract of purchase and recover of defendant the amount plaintiff had paid defendant on said car.

"2. The court instructs the jury that if you find for the plaintiff your verdict must be in the sum of $250."

(At the request of defendant):

"A. The court instructs the jury that if they believe and find from the evidence that the plaintiff purchased said car in question from the defendant and took possession of it, and afterwards was unable to pay for the same, and that he voluntarily surrendered and delivered possession of the said car to the defendant, then plaintiff cannot recover, and your verdict must be for the defendant."

The jury returned a verdict for plaintiff assessing his damages at the sum of $250. From the judgment rendered in accordance therewith defendant was allowed an appeal to the Kansas City Court of Appeals. The Court of Appeals held that the giving of plaintiff's Instruction 2 was reversible error, and then certified the cause to this court on the ground that its decision was in conflict with that of the Springfield Court of Appeals in Krause v. Spurgeon, 256 S. W. 1072.

The giving of plaintiff's Instruction 2 is the only ruling of the trial court with respect to which error is assigned. Section 1423, Revised Statutes 1919, provides: "When a verdict shall be found for the plaintiff in an action for the recovery of money only, the jury shall also assess the amount of the recovery." This section and numerous decisions of this court and of the courts of appeals construing it are cited by appellant as supporting his contention that the instruction effected a usurpation by the court of a function of the jury.

The theory of plaintiff's case is that, defendant having failed to effect within a reasonable time a transfer of the title to plaintiff in accordance with the provisions of Section 18 of the Motor Vehicle Act of 1921 (Laws 1921, Ex. Sess., page 88-9), plaintiff had the right to rescind the contract of sale, and upon rescission was entitled to recover the money he had paid thereunder. This is the theory embodied in plaintiff's Instruction 1 and appellant finds no fault

with it.  By this instruction the jury were told that if they found certain facts, "then the plaintiff had a legal right to . . . recover of defendant the amount plaintiff had paid defendant on said car."  In the next instruction (the one complained of) they were told that if they found for plaintiff their verdict "must be in the sum of $250."  If there had been any conflict in the evidence as to the amount of money actually paid by plaintiff to defendant under the contract of sale, or if the amount had been shown only by evidence on the part of plaintiff and there had been no countervailing evidence on the part of defendant, this instruction would have been wrong.  But defendant on the witness stand fully corroborated the testimony of plaintiff as to the amount that had been paid him by plaintiff under the contract of sale.  The question of the amount so paid then and there ceased to be an issue.  It stood admitted. Neither Section 1423 nor any other rule of law pertaining to jury trials in civil actions, so far as we are advised, requires the finding by a jury of a fact which the parties themselves agree upon.

The parties having agreed as to the amount that had been paid by plaintiff to defendant under the contract of sale, plaintiff was entitled as a matter of law to recover that amount, if entitled to recover at all.  The giving of plaintiff's Instruction 2 was therefore not error.  The judgment of the circuit court is affirmed.  All concur, except *Graves, J.,* absent.